**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEBRASKA**

| | |
|---|---|
| CAPTIVATE, LLC,<br><br>*Plaintiff*,<br><br>v.<br><br>WAITT DIGITAL, LLC &<br>WAITT CONSULTING, LLC,<br><br>*Defendants*. | **Civil Action No.:**<br><br>**DEMAND FOR JURY TRIAL** |

# COMPLAINT

Plaintiff Captivate, LLC ("Captivate" or "Plaintiff") files this Complaint for Patent Infringement against Defendants Waitt Digital, LLC and Waitt Consulting, LLC ("Waitt" or "Defendants"), and alleges as follows:

## NATURE OF THE ACTION

1. This is an action for patent infringement under the patent laws of the United States, Title 35, United States Code, seeking monetary damages, injunctive relief, and other relief against Defendants due to their infringement of U.S. Patent Nos.: 6,349,797; 7,278,518; 7,878,307; 8,230,981; and 8,688,664 ("Asserted Patents").

## THE PARTIES

2. Captivate, LLC is a private company with a principal place of business at 1350 Broadway, Suite 2400, New York, New York 10018.

3. On information and belief, Waitt Consulting, LLC is a company organized under the laws of Nebraska with a principal place of business at 1125 South 103rd Street, Omaha, Nebraska 68124.

4. On information and belief, Waitt Digital, LLC is a company organized under the laws of Nebraska with a principal place of business at 1125 South 103rd Street, Omaha, Nebraska 68124.

**JURISDICTION AND VENUE**

5. The Court has subject matter jurisdiction over this dispute pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6. On information and belief, Defendants are subject to personal jurisdiction in the District of Nebraska because they are incorporated and have a principal place of business there.

7. Venue is proper in this District under §§ 1391(c) and/or 1400(b) because Defendants reside in this District. Specifically, Defendants are both organized under the laws of the State of Nebraska.

**BACKGROUND**

8. Founded in 1997, Captivate, LLC (f/k/a "Captivate Network, Inc.") is the leading digital-out-of-home advertising network operating in offices and elevators throughout North America, reaching on-the-go business professionals throughout their workdays. Captivate holds patents covering its innovative and proprietary technology.

9. Captivate provides customized digital media services for advertisers, property managers, and viewers. The company's solutions for property managers include delivering information and tenant communication solutions through elevator and lobby screens. In addition, it provides news, business, sports, and lifestyle content through its networks. The Company is based in New York, New York, with additional offices in Chicago, Los Angeles, Toronto, and Lowell, Massachusetts.

10. Captivate has approximately 12,000 screens in nearly 1,800 buildings in all of the top 20 major metro areas or Designated Market Areas ("DMAs") of North America, delivering 80

million advertising impressions per month. Captivate delivers this digital news and advertising on high-resolution, flat-panel TV screens mounted in elevators and lobbies of large urban office buildings and suburban office campuses. Captivate connects advertisers with more than 12 million monthly unique viewers through creative, research-driven, and Nielsen-measured advertising and marketing programs.

11. By engaging its viewers with timely news and actionable information that helps balance the personal and professional demands of the workday, Captivate provides advertisers with a highly desirable and difficult-to-reach audience of affluent and influential business professionals.

12. Captivate has been celebrated as having done a great job of showing the high value of the office building audience, being a leader in the sector, earning an enviable presentation, and accomplishing what few networks have been able to do, which is reach a significant inflection point of 10K screens.

13. On information and belief, Waitt Digital, LLC is a private equity firm specializing in growth equity, recapitalization, buyout investments in private companies, and real estate investments.

14. On information and belief, Waitt Consulting, LLC is a consulting firm that focuses on alternative revenue assets such as billboards, digital displays, indoor displays, street-level displays, Wi-Fi/telecom, and other alternative revenue-generating assets.

15. On March 20, 2017, Waitt announced that it partnered with Janus Elevator Products ("Janus") to offer free LCD display screens to select building owners—using technology that infringes Captivate's patents. *See* Exhibit A.

16. On information and belief, the following E-Motive elevator display technology, developed by Waitt and its supporting software, network, and system, infringe one or more claims of the Asserted Patents: Multimedia LCD S2; Picture LCD S1; Panorama Multimedia Ultra-wide LCD ("Accused Products").

17. On April 7, 2017, Occhiuti & Rohlicek LLP, previous counsel for Captivate, sent a first letter to John Schuele, Vice President of Waitt Consulting, LLC, advising Waitt of various U.S. and Canadian patents owned by Captivate that may be relevant to Waitt's business, and inviting Waitt to "review these patents."

18. After not receiving any response to the April 7, 2017 first letter to John Schuele, Occhiuti & Rohlicek LLP sent a second letter to John Schuele, reiterating its position that various Captivate patents are relevant to Waitt's business, and providing supporting materials to illustrate the relevance of Captivate's patents to Waitt's business.

19. On October 12, 2017, Hovey Williams LLP, patent counsel for Waitt, sent a response letter to Occhiuti & Rohlicek LLP. This letter did not respond substantively to the April 7, 2017 or the September 27, 2017 letters from Occhiuti & Rohlicek LLP. Instead, patent counsel for Waitt asked Captivate to explain its infringement positions, and to provide detailed information about past damages that it may be claiming for two specific patents that had already expired (but which Waitt may have infringed while such patents were still in force).

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 6,349,797

20. Captivate re-alleges and incorporates by reference the foregoing paragraphs, as if fully set forth herein.

21. On February 26, 2002, the United States Patent and Trademark Office ("USPTO") duly and legally issued the '797 patent, entitled "Information Distribution System for Use in an

Elevator," to inventors Todd A. Newville and Shawn W. Duarte. A true and correct copy of the '797 patent is attached hereto as Exhibit B.

22. Captivate is the owner, by assignment, of all rights, title, and interest in the '797 patent, including the right to recover damages for past infringement.

23. The '797 patent claims a method of providing video information to a display monitor within an elevator located in a building, the method comprising: receiving first data defining a category of video information, the first data being source non-specific; receiving second data, associated with the category of video information and defining at least one source of the video information; and retrieving from the source, over a data communications path, and on the basis of first data and second data, the video information to be displayed on the monitor with the elevator.

24. Waitt has infringed and continues to infringe the '797 patent in this District and throughout the United States by making, using, importing, offering for sale, and/or selling the Accused Products. On information and belief, the Accused Products practice a method of providing video information to a display monitor within an elevator located in a building by organizing a playlist by categories of video information, retrieving data associated with a specific category for display, and/or using pointers to assist in this selection and retrieval. For example, at least the Multimedia LCD S2 and Picture LCD S1 allow various types of information to be displayed on screens (including corporate video, advertisements, promotions, and real-time news and information), and each screen may display multiple categories at once, as demonstrated below with representative screenshots of the Multimedia LCD S2 literature, as demonstrated below:

Providing building owners with a full-colour, multimedia experience, the S2 from E-Motive is our premium offering for elevator and building displays.

Together with elevator position and status information, this LCD showcases corporate video, tenant advertising content and special promotions. The S2 can also incorporate a live information feed for up-to-the-minute news and entertainment.




*See* Avire Global Pte Ltd., *E-Motive Multimedia LCD S2*, PRODUCT DATASHEET at 2, http://www.avire-global.com/avirewp/wp-content/uploads/2014/01/S2-Datasheet-V01-GB.pdf.

25. On information and belief, Waitt also induced and/or is inducing the infringement of the ’797 patent by making, using, importing, offering for sale, and/or selling one or more of the Accused Products. These products, as provided by Waitt to building owners and used as intended

and instructed, infringe the ’797 patent, and Waitt has known of this infringement since at least April 7, 2017. Waitt sold and/or offered for sale these products, and is continuing to do so, to building owners, specifically intending to actively encourage them to use the infringing devices for use in the United States in a manner that Waitt knows to be infringing.

26. As a result of Waitt’s infringement of the ’797 patent, Captivate has suffered and will continue to suffer irreparable harm and damages. Captivate is entitled to seek relief from the continuing irreparable harm. Captivate is entitled to recover from Waitt the damages adequate to compensate for such infringement in an amount to be determined at trial.

27. On information and belief, Waitt’s acts of infringement of the ’797 patent herein have been committed and are being committed with full knowledge of Captivate’s rights in the patent. Waitt has acted and is continuing to act despite an objectively high likelihood that its actions constituted direct and/or indirect infringement of a valid patent, and it knew or should have known of that risk since at least since April 7, 2017. Waitt’s acts, since at least April 7, 2017, constitute willful and deliberate infringement, entitling Captivate to enhanced damages under 35 U.S.C. § 284 and reasonable attorneys’ fees and costs.

28. Waitt’s acts of infringement have caused and will continue to cause irreparable harm to Captivate, of which there is no adequate remedy at law, entitling Captivate to injunctive relief.

**COUNT II**
**INFRINGEMENT OF U.S. PATENT NO. 7,278,518**

29. Captivate re-alleges and incorporates by reference the foregoing paragraphs, as if fully set forth herein.

30. On October 9, 2007, the USPTO duly and legally issued the ’518 patent, entitled “Information Distribution or Use in an Elevator,” to inventors Todd A. Newville and Shawn W. Duarte. A true and correct copy of the ’518 patent is attached hereto as Exhibit C.

31. Captivate is the owner, by assignment, of all rights, title, and interest in the ’518 patent, including the right to recover damages for past infringement.

32. The ’518 patent claims a method for displaying an image on a plurality of displays, each display being one in a plurality of elevator cabs, the method comprising: inspecting a playlist that includes category information identifying a plurality of categories of information to be displayed, a first pointer leading to information classified in a first category, a second pointer leading to information classified in a second category that differs from the first category, and first data leading to first information to be displayed; on the basis of the first data, retrieving the first information; assembling second data, the second data being representative of the image that includes the first information; and distributing the image to each display.

33. Waitt has infringed and continues to infringe the ’518 patent in this District and throughout the United States by making, using, importing, offering for sale, and/or selling the Accused Products. On information and belief, the Accused Products practice a method of displaying an image on a monitor, by organizing a playlist of category information, retrieving data associated with a specific category for display, and/or using pointers to assist in this selection and retrieval. For example, at least the Multimedia LCD S2 and Picture LCD S1 allow various types

of information to be displayed on screens (elevator information, static or flipping pictures, and static text), and each screen may display multiple categories at once, as demonstrated below:







*See* Avire Global Pte Ltd., *E-Motive Picture LCD S1*, PRODUCT DATASHEET at 1, http://www.avire-global.com/avirewp/wp-content/uploads/2015/03/S1-Datasheet-V02.pdf;

Janus, A Brand of Avire, PICTURE LCD S1, http://www.avire-global.com/US/products/display-solutions/lcd/s1/.

34. On information and belief, Waitt has also induced and/or is inducing the infringement of the '518 patent by making, using, importing, offering for sale, and/or selling one or more of the Accused Products. These products, as provided by Waitt to building owners and used as intended and instructed, infringe the '518 patent, and Waitt has known of this infringement since April 7, 2017. Waitt sold and/or offered for sale these products, and is continuing to do so, to building owners, specifically intending to actively encourage them to use the infringing devices for use in the United States in a manner that Waitt knows to be infringing.

35. As a result of Waitt's infringement of the '518 patent, Captivate has suffered and will continue to suffer irreparable harm and damages. Captivate is entitled to seek relief from the continuing irreparable harm. Captivate is entitled to recover from Waitt the damages adequate to compensate for such infringement in an amount to be determined at trial.

36. On information and belief, Waitt's acts of infringement of the '518 patent herein have been committed and are being committed with full knowledge of Captivate's rights in the patent. Waitt has acted and is continuing to act despite an objectively high likelihood that its actions constituted direct and/or indirect infringement of a valid patent, and it knew or should have known of that risk since at least April 7, 2017. Waitt's acts, since at least April 7, 2017, constitute willful and deliberate infringement, entitling Captivate to enhanced damages under 35 U.S.C. § 284 and reasonable attorneys' fees and costs.

37. Waitt's acts of infringement have caused and will continue to cause irreparable harm to Captivate, of which there is no adequate remedy at law, entitling Captivate to injunctive relief.

**COUNT III**
**INFRINGEMENT OF U.S. PATENT NO. 7,878,307**

38. Captivate re-alleges and incorporates by reference the foregoing paragraphs, as if fully set forth herein.

39. On February 1, 2011, the USPTO duly and legally issued the ’307 patent, entitled “Information Distribution or Use in an Elevator,” to inventors Todd A. Newville and Shawn W. Duarte. A true and correct copy of the ’307 patent is attached hereto as Exhibit D.

40. Captivate is the owner, by assignment, of all rights, title, and interest in the ’307 patent, including the right to recover damages for past infringement.

41. The ’307 patent claims a manufacture comprising a non-transitory computer-readable medium having encoded thereon software for displaying an image on a display in an elevator cab, the software including instructions for inspecting a playlist having first data leading to first information to be displayed, the playlist including category information identifying a plurality of categories of information to be displayed, the playlist further including a first pointer leading to information classified in a first category and a second pointer leading to information classified in a second category that differs from the first category; on the basis of the first data, retrieving the first information; assembling second data, the second data being representative of the image that includes the first information; and providing the image to the display.

42. Waitt has infringed and continues to infringe the ’307 patent in this District and throughout the United States by making, using, importing, offering for sale, and/or selling the Accused Products. On information and belief, the Accused Products comprise a computer-readable medium with software for displaying an image on a display in an elevator cab, the software having instructions for organizing a playlist of category information, retrieving data associated with a specific category for display, and/or using pointers to assist in this selection and

retrieval. For example, at least the Multimedia LCD S2 and the Picture LCD S1 allow various types of information to be displayed on screens (elevator information, static or flipping pictures, and static text), and each screen may display multiple categories at once, as demonstrated below:







*See* Avire Global Pte Ltd., *E-Motive Picture LCD S1*, PRODUCT DATASHEET at 1, http://www.avire-global.com/avirewp/wp-content/uploads/2015/03/S1-Datasheet-V02.pdf;

Janus, A Brand of Avire, PICTURE LCD S1, http://www.avire-global.com/US/products/display-solutions/lcd/s1/.

43. On information and belief, Waitt has also induced and/or is inducing the infringement of the ’307 patent by making, using, importing, offering for sale, and/or selling one or more of the Accused Products. These products, as provided by Waitt to building owners and used as intended and instructed, infringe the ’307 patent, and Waitt has known of this infringement since at least April 7, 2017. Waitt sold and/or offered for sale these products, and is continuing to do so, to building owners, specifically intending to actively encourage them to use the infringing devices for use in the United States in a manner that Waitt knows to be infringing.

44. As a result of Waitt’s infringement of the ’307 patent, Captivate has suffered and will continue to suffer irreparable harm and damages. Captivate is entitled to seek relief from the continuing irreparable harm. Captivate is entitled to recover from Waitt the damages adequate to compensate for such infringement in an amount to be determined at trial.

45. On information and belief, Waitt’s acts of infringement of the ’307 patent herein have been committed and are being committed with full knowledge of Captivate’s rights in the patent. Waitt has acted and is continuing to act despite an objectively high likelihood that its actions constituted direct and/or indirect infringement of a valid patent, and it knew or should have known of that risk since at least April 7, 2017. Waitt’s acts, since at least April 7, 2017, constitute willful and deliberate infringement, entitling Captivate to enhanced damages under 35 U.S.C. § 284 and reasonable attorneys’ fees and costs.

46. Waitt’s acts of infringement have caused and will continue to cause irreparable harm to Captivate, of which there is no adequate remedy at law, entitling Captivate to injunctive relief.

## COUNT IV
## INFRINGEMENT OF U.S. PATENT NO. 8,230,981

47. Captivate re-alleges and incorporates by reference the foregoing paragraphs, as if fully set forth herein.

48. On July 31, 2012, the USPTO duly and legally issued the '981 patent, entitled "Information Distribution or Use in an Elevator," to inventors Todd A. Newville and Shawn W. Duarte. A true and correct copy of the '981 patent is attached hereto as Exhibit E.

49. Captivate is the owner, by assignment, of all rights, title, and interest in the '981 patent, including the right to recover damages for past infringement.

50. The '981 patent claims a method of displaying content on a plurality of elevator display units, said method comprising: at a first processor associated with a first subset of said plurality of elevator display units, receiving a first generic playlist, said first generic playlist defining a first category of content to be displayed; identifying a first content source corresponding to said first category; retrieving content from said first content source; and displaying said content retrieved from said first content source at each elevator display unit from said first subset; at a second processor associated with a second subset of said elevator display units, receiving a second generic playlist, said second generic playlist including a definition of said first category of content to be displayed; identifying a second content source corresponding to said first category, said second content source being different from said first content source; retrieving content from said second content source; and displaying said content retrieved from said second content source at each elevator display unit from said second subset.

51. Waitt has infringed and continues to infringe the '981 patent in this District and throughout the United States by making, using, importing, offering for sale, and/or selling the Accused Products. On information and belief, the Accused Products practice a method of

providing video information to a plurality of display units, comprising a first processor associated with a first subset of said plurality of elevator display units, receiving a generic playlist by categories of video information, retrieving data associated with a specific category for display, and/or retrieving the content to display at each elevator display unit from the first subset. For example, the Accused Products are catered to building owners; their key features include floor-level synchronized tenant content; and there are screens on at least two different building floors, as demonstrated below:




*See* Avire Global Pte Ltd., *E-Motive Multimedia LCD S2*, PRODUCT DATASHEET at 1, http://www.avire-global.com/avirewp/wp-content/uploads/2014/01/S2-Datasheet-V01-GB.pdf.

52. On information and belief, Waitt has also induced and/or is inducing the infringement of the ’981 patent by making, using, importing, offering for sale, and/or selling one or more of the Accused Products. These products, as provided by Waitt to building owners and

used as intended and instructed, infringe the '981 patent, and Waitt has known of this infringement since at least April 7, 2017. Waitt sold and/or offered for sale these products, and is continuing to do so, to building owners, specifically intending to actively encourage them to use the infringing devices for use in the United States in a manner that Waitt knows to be infringing.

53. As a result of Waitt's infringement of the '981 patent, Captivate has suffered and will continue to suffer irreparable harm and damages. Captivate is entitled to seek relief from the continuing irreparable harm. Captivate is entitled to recover from Waitt the damages adequate to compensate for such infringement in an amount to be determined at trial.

54. On information and belief, Waitt's acts of infringement of the '981 patent herein have been committed and are being committed with full knowledge of Captivate's rights in the patent. Waitt has acted and is continuing to act despite an objectively high likelihood that its actions constituted direct and/or indirect infringement of a valid patent, and it knew or should have known of that risk since at least April 7, 2017. Waitt's acts, since at least April 7, 2017, constitute willful and deliberate infringement, entitling Captivate to enhanced damages under 35 U.S.C. § 284 and reasonable attorneys' fees and costs.

55. Waitt's acts of infringement have caused and will continue to cause irreparable harm to Captivate, of which there is no adequate remedy at law, entitling Captivate to injunctive relief.

## COUNT V
## INFRINGEMENT OF U.S. PATENT NO. 8,688,664

56. Captivate re-alleges and incorporates by reference the foregoing paragraphs, as if fully set forth herein.

57. On April 1, 2014, the USPTO duly and legally issued the ’664 patent, entitled “Updating Floor-Specific Information,” to inventors Raymond J. Pineau, Erik Barron, and Michael Lynch. A true and correct copy of the ’664 patent is attached hereto as Exhibit F.

58. Captivate is the owner, by assignment, of all rights, title, and interest in the ’664 patent, including the right to recover damages for past infringement.

59. The ’664 patent claims a method for updating floor information for display by an elevator in a remote property, the method comprising: receiving, from a property server, data indicative of a floor for which the elevator lacks floor information; receiving, from a remotely executing process, new floor information for the floor; storing the new floor information in a floor information database; receiving, from the property server, a request identifying the remote property and requesting updated floor information for the remote property; and retrieving updated floor information from the floor-information database.

60. Waitt has infringed and continues to infringe the ’664 patent in this District and throughout the United States by making, using, importing, offering for sale, and/or selling the Accused Products. On information and belief, the Accused Products practice a method and system for updating and displaying floor-specific information by an elevator, including receiving, from a property server, data indicative of a floor for which the elevator lacks floor information; receiving, from a remotely executing process, new floor information for the floor; storing the new floor information in a floor information database; receiving, from the property server, a request identifying the remote property and requesting updated floor information for the remote property; and retrieving updated floor information from the floor-information database. For example, at least the Multimedia LCD S2 and Panorama Multimedia Ultra-Wide LCD display “Floor-level synchronized tenant content,” as demonstrated below:

+ Floor-level synchronised tenant content




- Brilliant 16M colours of media integration and elevator information
- Video/Audio live streaming or recorded
- Floor-level synchronised tenant content
- Configurable both locally via USB and remotely via network
- Supports Mpeg1/2/4 video
- Supports plug and play Media link solutions
- Supports multiple languages

*See* Avire Global Pte Ltd., *E-Motive Panorama Multimedia Ultra-Wide LCD*, PRODUCT DATASHEET at 1, http://www.avire-global.com/avirewp/wp-content/uploads/2014/01/Panorama-Datasheet-V01-GB.pdf.

61. On information and belief, Waitt has also induced and/or is inducing the infringement of the ’664 patent by making, using, importing, offering for sale, and/or selling one or more of the Accused Products. These products, as provided by Waitt to building owners and used as intended and instructed, infringe the ’664 patent, and Waitt has known of this infringement since at least April 7, 2017. Waitt sold and/or offered for sale these products, and is continuing to do so, to building owners, specifically intending to actively encourage them to use the infringing devices for use in the United States in a manner that Waitt knows to be infringing.

62. As a result of Waitt's infringement of the '664 patent, Captivate has suffered and will continue to suffer irreparable harm and damages. Captivate is entitled to seek relief from the continuing irreparable harm. Captivate is entitled to recover from Waitt the damages adequate to compensate for such infringement in an amount to be determined at trial.

63. On information and belief, Waitt's acts of infringement of the '664 patent herein have been committed and are being committed with full knowledge of Captivate's rights in the patent. Waitt has acted and is continuing to act despite an objectively high likelihood that its actions constituted direct and/or indirect infringement of a valid patent, and it knew or should have known of that objectively high risk since at least April 7, 2017. Waitt's acts, since at least April 7, 2017, constitute willful and deliberate infringement, entitling Captivate to enhanced damages under 35 U.S.C. § 284 and reasonable attorneys' fees and costs.

64. Waitt's acts of infringement have caused and will continue to cause irreparable harm to Captivate, of which there is no adequate remedy at law, entitling Captivate to injunctive relief.

**PRAYER FOR RELIEF**

WHEREFORE, Captivate prays that this Court enters judgment and provides relief as follows:

A. A judgment that Waitt has infringed and is infringing the Asserted Patents in violation of 35 U.S.C. § 271;

B. A judgment that Waitt has induced, and is inducing, infringement of the Asserted Patents in violation of 35 U.S.C. § 271;

C. A judgment that Waitt has contributed to, and is contributing to, infringement of the Asserted Patents in violation of 35 U.S.C. § 271;

D. A judgment that Waitt's infringement of the Asserted Patents has been willful under 35 U.S.C. § 284;

E. A judgment that the Asserted Patents are valid and enforceable;

F. A judgment and order that Waitt, its officers, agents, and employees, and those persons in active concert of participation with it, and its successors and assigns be preliminarily and permanently enjoined, pursuant to 35 U.S.C. § 271, from infringing the Asserted Patents, including but not limited to an injunction against making, using, offering to sell, and selling within the United States, and importing, and importing into the United States, any products covered by the Asserted Patents;

G. A judgment and order requiring Waitt to pay Captivate its damages resulting from Waitt's infringement of the Asserted Patents, including lost profits, together with interest and costs, and all other damages permitted by 35 U.S.C. § 284, including enhanced damages up to three times the amount of damages found or measured, but in any event no less than a reasonable royalty;

H. A judgment and order finding that this action be adjudged an exceptional case and Captivate be awarded its attorneys' fees, expenses, and costs in this action pursuant to 35 U.S.C. § 285; and

I. Any and all other relief as this Court deems just and proper under the circumstances.

**JURY DEMAND**

Pursuant to Federal Rule of Civil Procedure 38, Captivate hereby demands a trial by jury on all issues so triable.

Dated: March 6, 2018

Respectfully submitted,

/s/ Michael T. Hilgers

Michael T. Hilgers (NE#24483)
mhilgers@hilgersgraben.com
Jackson W. Rudd (NE#26094)
jrudd@hilgersgraben.com
HILGERS GRABEN PLLC
570 Fallbrook Blvd., Suite 109
Lincoln, NE 68521
Telephone: (402) 218-2106
Facsimile: (402) 413-1880

Thomas M. Melsheimer (*pro hac pending*)
Texas Bar No. 13922550
tmelsheimer@winston.com
Steven H. Stodghill (*pro hac pending*)
Texas Bar No. 19261100
sstodghill@winston.com
M. Brett Johnson (*pro hac pending*)
Texas Bar No. 00790975
mbjohnson@winston.com
Michael A. Bittner (*pro hac pending*)
Texas Bar No. 24064905
mbittner@winston.com
WINSTON & STRAWN LLP
2501 N. Harwood St., 17th Floor
Dallas, TX 75201
(214) 453-6500 Telephone
(214) 453-6400 Facsimile

Prachi V. Mehta (*pro hac pending*)
Illinois Bar No. 6321115
pmehta@winston.com
WINSTON & STRAWN LLP
35 W. Wacker Drive, Suite 4100
Chicago, IL 60601
(312) 558-5600 Telephone
(312) 558-5700 Facsimile

***Counsel for Plaintiff Captivate, LLC***